UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL LEU, as Proposed Administrator of the Estate of PAMELA LEU, Deceased,

Plaintiff,

-against-

PFIZER INC., PARKE-DAVIS, a division of Warner-Lambert Company and Warner-Lambert Company LLC, WARNER-LAMBERT COMPANY, WARNER-LAMBERT COMPANY LLC, ACTAVIS INC., ACTAVIS ELIZABETH LLC and PUREPAC PHARMACEUTICAL CO.,

Defendants.

Civil Action No.: 08-cv-5160 (DAB)

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS OF ACTAVIS DEFENDANTS
PURSUANT TO FRCP 12(b)(6)**

HARRIS BEACH PLLC
100 Wall Street
New York, New York 10005
(212) 687-0100

*-and-*

MCKENNA LONG & ALDRIDGE LLP
1900 K Street NW
Washington, DC 20006
(202) 496-7500

*Attorneys for Defendants
Actavis Inc., Actavis Elizabeth LLC and
Purepac Pharmaceutical Co.*

**PRELIMINARY STATEMENT**

This Memorandum of Law is respectfully submitted in support of the instant Motion by Defendants Actavis Inc., Actavis Elizabeth LLC, and Purepac Pharmaceutical Co. (collectively "Actavis") seeking an Order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing Plaintiff's claims against Actavis because Plaintiff, who has not been appointed personal administrator for the decedent, lacks standing to bring the instant wrongful death action, and for such other and further relief the Court deems just and proper.

## **FACTUAL BACKGROUND**

This is an action to recover damages for wrongful death. Plaintiff's "proposed administrator" filed this suit in the New York County Supreme Court on April 17, 2008. Plaintiff served Actavis with his Verified Complaint ("Complaint")[1] on May 5, 2008 and Actavis timely removed this action to this Court on June 4, 2008.

Plaintiff seeks to recover damages for alleged personal injuries sustained by, and the wrongful death of, Plaintiff's decedent. (Compl. ¶ 1.) Plaintiff claims that such injuries and death of Plaintiff's decedent were the direct and proximate result of wrongful conduct by Defendants, including Actavis. (*Id.*) Specifically, Plaintiff alleges that Actavis negligently labeled, marketed, and sold the prescription drug gabapentin, the generic form of Neurontin®, for such 'off-label' uses as "the treatment of diabetic neuropathy, peripheral neuropathy and restless leg syndrome, a purpose for which [it] had not received FDA approval," resulting in injuries and death to Plaintiff's decedent. (*Id.*)

---

[1] The Complaint is annexed as Exhibit A to the Notice of Removal, Document No. 1 on the Court's docket.

# ARGUMENT

## THIS ACTION MUST BE DISMISSED BECAUSE PLAINTIFF LACKS STANDING TO BRING SUIT ON BEHALF OF THE ESTATE

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), the function of a District Court is "merely to determine whether the complaint itself is legally sufficient." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984). Under subsection 6, a pleading may be dismissed "for failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under the circumstances of this case, dismissal of the Complaint is required under New York law.

Plaintiff Michael Leu commenced the instant wrongful death action as the "Proposed Administrator of the Estate of Pamela Leu, Deceased." (Compl. at 1, Caption.) Plaintiff has not even alleged, let alone offered proof, that he has been appointed administrator of the decedent's estate or otherwise has been conferred the requisite legal authority to bring suit on behalf of the decedent's estate. Plaintiff, therefore, lacks standing to sue and the Complaint must be dismissed.

At common law, New York does not recognize an action for wrongful death. *In re Meng*, 125 N.E. 508, 510 (N.Y. 1919); *In re Estate of Holquin,* 101 Misc. 2d 174, 420 NYS2d 670 (Surr. Ct., Queens Cty. 1979). Rather, the right of action for wrongful death in New York is "wholly statutory," and a party commencing such an action must strictly adhere to the requirements of the statute. *In re Meng*, 125 N.E. at 510; *see also In re Estate of Holquin,* 101 Misc. 2d at 177.

3

Section 5-4.1 of the Estate Powers and Trusts Law vests the right of action for wrongful death "exclusively in the [personal] representative of the decedent." *In re Meng*, 125 N.E. at 511.[2]  The "right of action is not given to the widow and next of kin" or any other beneficiaries; instead, it is "given to the administrator of the decedent for their benefit." *Id*. at 512.  The appointed personal representative, therefore, is the only person who has standing to bring a wrongful death suit.  *See id.* ("It is a general principle of construction that, where a right is given by statute and a remedy provided in the same act, the right can be pursued in no other mode."); *see also Cruz v. Korean Air Lines Co.*, 838 F. Supp. 843 (S.D.N.Y. 1993) (*citing Bonilla v. Abbott*, 113 A.D.2d 861, 493 N.Y.S.2d 592, 593 (2d Dept. 1985)) (finding that only a decedent's personal administrator could maintain a wrongful death action).[3]

"It is well established that the existence of a duly appointed administrator is essential to the maintenance of the action and that the statutory right to recover for wrongful death does not even arise until an administrator has been named through the issuance of letters of administration." *Carrick v. Central General Hospital*, 51 N.Y.2d 242, 249 n. 2, 434 N.Y.S.2d 130, 134 (1980) ("It is well established that the existence of

---

[2] E.P.T.L. § 5-4.1 provides, in pertinent part:

> The personal representative, <u>duly appointed</u> in this state or any other jurisdiction, of a decedent who is survived by distributees may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent's death against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued.  (*Emphasis added*).

[3] E.P.T.L. § 11-4.1 provides that "Actions or proceedings brought by or against a personal representative must be brought by or against him in his representative capacity." This clearly precludes commencement as "Proposed Administrator," an acknowledgment of a complete lack of legal capacity.

4

a qualified administrator is essential to the maintenance of the action and that the statutory right to recover for wrongful death does not even arise until an administrator has been named through the issuance of letters of administration"); *see also In re Estate of Holquin,* 101 Misc. 2d at 177 ("The personal representative of the decedent is, accordingly, the real party in interest, and the cause of action can only be enforced by him.")

Similarly, any pain and suffering claims must be dismissed because there is no proper plaintiff in this action. Although personal injury claims may survive the death of the person in whose favor the cause of action originally existed, such an action may only be "brought or continued by the personal representative of the decedent." E.P.T.L. § 11-3.2(b); *see also Lichtenstein v. State,* 93 N.Y.2d 911, 913, 690 N.Y.S.2d 851 (1999) (affirming dismissal where claimant started action before receiving letters of administration and thus did not properly commence the action.)

Accordingly, as the existence of a qualified administrator has not been pled or otherwise established, Plaintiff's Complaint fails to state a cause of action and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Mingone v. New York*, 100 A.D.2d 897, 474 N.Y.S.2d 557, 560 (2d Dept. 1984) (dismissing a wrongful death suit where no administrator had been duly appointed to serve as the personal representative of the decedent's estate at the time the summons was served).

5

## **CONCLUSION**

For the foregoing reasons, Defendants Actavis Inc., Actavis Elizabeth LLC, and Purepac Pharmaceutical Co. respectfully request that this Court enter an Order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing Plaintiff's Complaint and granting any other and further relief as this Court deems just and proper.

Dated: New York, New York
       June 11, 2008

                Respectfully submitted,

                HARRIS BEACH PLLC

                By:    /s/
                    Steven A. Stadtmauer (SAS 2632)

                    *-and-*

                MCKENNA LONG & ALDRIDGE LLP
                Ray M. Aragon, Esq.
                Lisa M. Norrett, Esq.
                Shannon G. Konn, Esq.

                *Attorneys for Defendants*
                *Actavis Inc., Actavis Elizabeth LLC and*
                *Purepac Pharmaceutical Co.*