UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MICHAEL LEU, as Proposed Administrator of the
Estate of PAMELA LEU, Deceased,

                              Plaintiff,

           -against-                                      08-CV-5160 (DAB)

PFIZER INC., PARKE-DAVIS, a division of
Warner-Lambert Company and Warner-Lambert
Company LLC, WARNER-LAMBERT COMPANY,
WARNER-LAMBERT COMPANY LLC,
ACTAVIS INC., ACTAVIS ELIZABETH LLC
and PUREPAC PHARMACEUTICAL CO.,

                              Defendants.
------------------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE
ACTAVIS DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

      Plaintiff Michael Leu, as Proposed Administrator of the Estate of Pamela Leu, Deceased, hereby opposes the motion by Defendants Actavis Inc., Actavis Elizabeth LLC and Purepac Pharmaceutical Co., (hereinafter referred to as the "Actavis Defendants"), to dismiss Plaintiff's claims against the Actavis Defendants for lack of standing.

**PRELIMINARY STATEMENT**

      Plaintiff commenced this action as the Proposed Administrator of the Estate of Patricia Leu, by filing the Summons and Complaint in the Supreme Court of the State of New York, County of New York. The Complaint alleges that Plaintiff's wife, the decedent Patricia Leu, was caused to sustain serious injuries resulting in her wrongful death by suicide due to her ingestion of the drugs Neurontin and gabapentin (the generic version of Neurontin). Plaintiff advises that he wishes to be appointed Administrator of his wife's estate and to continue with his case. Plaintiff's counsel is presently in the process of assisting Plaintiff to prepare and file the requisite

papers with the Probate Court in Ohio in order to secure such an appointment. *See* Declaration of Gail Schlanger, Esq., submitted herewith.

Plaintiff requests that the Court, in the interest of judicial economy, hold the Actavis Defendants' motion in abeyance for six months to enable Plaintiff to obtain the requisite appointment and to proceed with this action, or until such time as Plaintiff is appointed Administrator, whichever is earlier, or in the alternative, if the motion is granted, that it be without prejudice so that, pursuant to Section 205(a) of the Civil Practice Law and Rules of the State of New York, Plaintiff may re-file the action after his appointment as Administrator of the decedent's estate.

## PROCEDURAL HISTORY

Plaintiff, as the Proposed Administrator of the Estate of Pamela Leu, Deceased, timely commenced this action by filing the Summons and Complaint in the Supreme Court for the State of New York, County of New York. on April 17, 2008. (*See* Summons & Compl., ECF Doc. # 1, Ex. A.) The action seeks to recover damages for personal injuries sustained by, and the wrongful death of Plaintiff's decedent, Pamela Leu, as the direct and proximate result of Defendants' wrongful conduct in connection with the designing, developing, manufacturing, distributing, labeling, advertising, marketing, promoting, and selling of the prescription drugs Neurontin, and gabapentin (the generic form of Neurontin), which was marketed and sold by the Actavis Defendants. The Summons and Complaint were served on the Actavis Defendants on May 5, 2008. (*See* Actavis Defs.' Mem., p. 2, ECF Doc. # 8.) The Actavis Defendants' motion was served on Plaintiff's counsel on June 11, 2008.

## ARGUMENT

Pursuant to the New York Civil Practice Law and Rules, "dismissal of a prior wrongful death claim 'based solely upon the absence of a duly appointed administrator does not preclude reprosecution of the underlying claim through the mechanism of CPLR 205(a) once a qualified administrator has been appointed.'" *Cannellas v. Lentz,* 396 F. Supp. 2d 435, 439 (S.D.N.Y. 2005) (citing *Carrick v. Central Gen. Hosp.,* 51 N.Y.2d 242, 252, 434 N.Y.S.2d 130 (1980)). CPLR 205(a) provides, in pertinent part, as follows:

> If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.

Under circumstances similar to the case at bar, in *Tadier v. American Photocopy Equip. Co.,* a wrongful death action where the plaintiff had not been appointed administrator and the defendant had moved to dismiss for lack of standing, the Court recognized that if it were to now dismiss for lack of standing, the plaintiff would have six months within which to be appointed administrator and to recommence the action. 1982 U.S. Dist. LEXIS 10442 *3 (S.D.N.Y. 1982) (citing *Carrick*). As the plaintiff had asserted an intention to do so, the Court found that the interests of judicial efficiency and economy would best be served by placing this case on the suspense calendar for six months, during which time the plaintiff could seek to be appointed administrator, and that if this was not accomplished within six months, the defendant's motion to dismiss for lack of standing would be granted. *Id.*

Likewise, here, Plaintiff intends to seek appointment as Administrator of the Estate of his deceased wife, Pamela Leu, and to continue with the prosecution of this claim. Plaintiff's counsel is presently in the process of assisting Plaintiff to obtain the requisite appointment.

## CONCLUSION

Plaintiff therefore respectfully requests that the Court, in the interest of judicial economy, hold the Actavis Defendants' motion in abeyance for six months to enable Plaintiff to obtain the requisite appointment and to proceed with this action, or until such time as Plaintiff is appointed Administrator, whichever is earlier, or in the alternative, if the motion is granted, that it be without prejudice so that, pursuant to Section 205(a) of the Civil Practice Law and Rules of the State of New York, Plaintiff may re-file the action after his appointment as Administrator of the decedent's estate.

Dated: June 25, 2008                                      Respectfully submitted,

FINKELSTEIN & PARTNERS, LLP


By:    **s/ Gail Schlanger**
            Gail Schlanger

1279 Route 300
Newburgh, NY  12551
Tel.:   800-634-1212
Email: epolimeni@lawampm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 25, 2008, I caused to be served copies of the Plaintiff's Memorandum of Law in Opposition to the Actavis Defendants' Motion to Dismiss the Complaint, via the Court's Electronic Case Filing System, upon all counsel of record.

Dated:  June 25, 2008

                                                  **s/ Gail Schlanger**
                                                  Gail Schlanger

                                                  Finkelstein & Partners, LLP
                                                  1279 Route 300
                                                  Newburgh, NY  12551
                                                  Tel.:     800-634-1212
                                                  Email:    epolimeni@lawampm.com

                                                  *Attorneys for Plaintiff*