UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL LEU, as Proposed Administrator of the Estate of PAMELA LEU, Deceased,<br><br>                                    Plaintiff,<br><br>            -against-<br><br>PFIZER INC., PARKE-DAVIS, a division of Warner-Lambert Company and Warner-Lambert Company LLC, WARNER-LAMBERT COMPANY, WARNER-LAMBERT COMPANY LLC, ACTAVIS INC., ACTAVIS ELIZABETH LLC and PUREPAC PHARMACEUTICAL CO.,<br><br>                                    Defendants. | Civil Action No.: 08-cv-5160 (DAB) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
ACTAVIS DEFENDANTS' MOTION TO DISMISS**

Defendants Actavis Inc., Actavis Elizabeth LLC, and Purepac Pharmaceutical Co. (collectively "Actavis Defendants") hereby reply to Plaintiff's Opposition to the Actavis Defendants' Motion to Dismiss the Complaint and reaffirm their request that this Court dismiss Plaintiff's claims for lack of standing.

**ARGUMENT**

Plaintiff admits he has no standing to bring this case. He is not the administrator of his wife's estate, and admits he has not even filed the papers to begin the process of becoming an administrator. These admissions should, on their face, lead to a dismissal of Plaintiff's Complaint, yet Plaintiff asks this Court to hold the Actavis Defendants' Motion to Dismiss in abeyance for six months. This request should be denied.

1

In support of this extraordinary request, Plaintiff cites only one case, *Tadier v. American Photocopy Equip. Co.*, No. 81 Civ. 1054 (CBM), 1982 U.S. Dist. LEXIS 10442 (S.D.N.Y. Jan. 6, 1982), an unpublished district court decision issued over a quarter century ago and never since cited in a published opinion. While *Tadier* involved the question of a plaintiff who lacked standing to sue because he was not the named administrator of the decedents' estates, the facts of that case are different from the facts here in several crucial respects.

In *Tadier*, the plaintiff was personally involved in the accident at issue, and was suing both in his individual capacity and as administrator for the estates of two deceased family members. *Id.* at *1. As such, the *Tadier* standing motion appeared to be directed not at Mr. Tadier's personal standing to bring the action, but rather to his standing as a representative for two estates for which he had acted as "voluntary administrator." *Id.* at *2. Thus, the *Tadier* Court was in the situation of having to decide whether to partially dismiss a suit, have part of it go forward and have another part of it refiled, causing duplicative action that would have been a burden to all parties and the court.

In contrast, in the current case, Plaintiff brings this action *only* as an administrator -- a position he concededly does not have -- and his lack of standing legally negates *all* of the causes of action in the Complaint.

In addition, in *Tadier,* defendant had stipulated to the court's jurisdiction, and had treated the plaintiff like an administrator in a previously filed and dismissed case in a different court regarding the same issues, and had made stipulations and agreements with the plaintiff regarding the prior suit and the suit at issue in *Tadier*. *Id.* at *1-2. Although the *Tadier* Court is not entirely clear on this issue, it appears that because of these ongoing relationships (in which the defendant had already accepted the plaintiff's status as a representative of the estate), the court

took the highly unusual step of placing the case on a suspense calendar for six months in order to serve the "interests of judicial efficiency and economy." *Id.* at *3.

None of these factors are present here. Rather, the instant case is much more closely analogous to the overwhelming majority of cases where a wrongful death plaintiff lacks standing to sue because of a failure to become an administrator. Almost invariably, the courts dismiss such cases without prejudice. *See, e.g., Mendez v. Kyung Yoo*, 23 A.D.3d 354, 806 N.Y.S.2d 67, 69 (N.Y.A.D. 2d Dept. 2005) (noting with approval that the plaintiff's previously filed wrongful death suit was dismissed for lack of capacity to sue); *Lichtenstein v. State*, 252 A.D.2d 921, 676 N.Y.S.2d 345, 346-47 (N.Y.A.D. 3d Dept. 1998) (dismissing suit because the "proposed administratrix" had no authority to file her claim prior to being appointed the administrator); *Squires v. Nephrology Foundation of Brooklyn, Inc.*, No. 99-cv-1143, 1999 WL 1495421, *3 (E.D.N.Y. Dec. 27, 1999) (dismissing wrongful death suit because plaintiff was not the administrator of decedent's estate); *Caracciolo v. Solar*, 16 Misc.3d 1127(A), 2007 WL 2403168, *3 (N.Y. Sup. Aug. 23, 2007) (same).

It would be inappropriate and prejudicial to the Actavis Defendants to hold this case in abeyance. The Actavis Defendants are being accused of liability for an allegedly wrongful death, and of negligent and willful misconduct. The filing of a legal claim, particularly a major case like this, should not be suspended or abated, but rather should be dismissed when Plaintiff admits he has no standing.[1] It would be patently unfair to force the Actavis Defendants to labor under the legal disability of such serious allegations for the next six months, while Plaintiff decides whether to legitimize his claim. This is an especially compelling point since Plaintiff

---

[1] *See also Carrick v. Central General Hospital*, 414 N.E.2d 632, 636 n. 2 (N.Y. 1980) (no cause of action exists until an administrator has been appointed).

failed even to apply to become an administrator throughout the entire limitations period, then filed this suit at the very last moment, *knowing* that he had no legal right to do so. (*See* Decl. of Plaintiff's Counsel Gail Schlanger at 2.)[2]  Plaintiff has already benefited from filing this lawsuit by effectively extending the wrongful death limitations period on the eve of its expiration and should not further benefit through a further *de facto* extension, to the prejudice of the Actavis Defendants, a serious legal claim for which lack of standing is admitted.

A lawsuit of this nature inevitably triggers negative publicity, management concerns, and defense costs.  Unless and until Plaintiff has the legal capacity to bring these claims, it would be unfair and inappropriate to keep this case open and force the Actavis Defendants to wait and see whether Plaintiff actually follows through and becomes an administrator, after sitting on his obligations for more than two years.  Such action would preserve unjustly Plaintiff's defective claims without giving the Actavis Defendants the right to challenge or defend against them.  This Court should not assist or legitimize Plaintiff's defective pleading.  Rather, the Court should dismiss Plaintiff's claims without prejudice, thus preserving the equities by allowing the plaintiff the six-month extension granted by New York law but also requiring the proper filings and pleadings required by law for Plaintiff to move forward.

---

[2] Ms. Schlanger states:  "We explained to Mr. Leu that our firm would timely file a complaint on his behalf but that he would have to seek to be appointed administrator of his wife's estate in order to continue with the case."  This demonstrates that both Plaintiff and Plaintiff's counsel knew that being a duly appointed administrator was necessary in order to have standing to sue.

## CONCLUSION

For the foregoing reasons, Defendants Actavis Inc., Actavis Elizabeth LLC, and Purepac Pharmaceutical Co. respectfully request that this Court enter an Order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing Plaintiff's Complaint and granting any other and further relief as this Court deems just and proper.

Dated: New York, New York

July 3, 2008

        Respectfully submitted,

        HARRIS BEACH PLLC

        By: _____/s/_____
            Steven A. Stadtmauer (SAS 2632)

        100 Wall Street
        New York, New York 10005
        (212) 687-0100

        *-and-*

        MCKENNA LONG & ALDRIDGE LLP
        Ray M. Aragon, Esq.
        Lisa M. Norrett, Esq.
        Shannon G. Konn, Esq.
        1900 K Street NW
        Washington, DC 20006
        (202) 496-7500

        *Attorneys for Defendants*
        *Actavis Inc., Actavis Elizabeth LLC and*
        *Purepac Pharmaceutical Co.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 3, 2008, I caused to be served copies of the REPLY MEMORANDUM OF LAW IN SUPPORT OF ACTAVIS DEFENDANTS' MOTION TO DISMISS via the Court's Electronic Case Filing System, upon all counsel of record.

                                                    /s/
                                    Steven A. Stadtmauer (SAS 2632)

281113.1